UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| ANTONIO LAMONT MURRAY, | ) | |
|---|---|---|
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV614-128 |
| UNITED STATES OF AMERICA, | ) ) | CR612-005 |
| Respondent. | ) ) | |

## ORDER

After a careful, de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), doc. 12, to which objections have been filed. Doc. 17. Accordingly, Antonio Murray's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Murray's objections don't differ in any significant respect from his original 28 U.S.C. § 2255 motion's arguments. He rehashes complaints about his attorney's (1) cross-examination of voice identification witness Mark Crowe (doc. 17 at 1-2); (2) attempt to attack the introduction of Murray's cell phones (*id.* at 3); and (3) decision not to hire an

independent DNA expert (*id.* at 4). But he offers nothing to undermine the R&R's sound reasoning.

His remaining objections are mere conclusions,[1] employ circular logic,[2] or bluntly declare that his attorney "failed to prepare," without offering further detail. Doc. 17 at 7 ("Clearly all substantial and material evidence was not subjected to the adverse testing . . . as a result of an incompetent counsel who simply did not prepare."). They contain no merit and thus do not warrant reversing course.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of January, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] *E.g.*, "Murray objects to this conclusion, clearly the counsel's failure to object to the denial of funds for an expert witness was nothing short of incompetence." Doc. 17 at 5.

[2] Murray, for example, argues that counsel's "failure to object to the hearsay testimony" was ineffective assistance because it "was incompetent." Doc. 17 at 6.