UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANTONIO LAMONT MURRAY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CV620-052 |
| | ) CR612-005 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Antonio Lamont Murray was convicted, after a jury trial, of one count of conspiracy to kidnap in violation of 18 U.S.C. § 1201(c), two counts of kidnapping in violation of 18 U.S.C. § 1201(a)(1), one count of use of a firearm during a crime of violence (brandishing) and two counts of use of a firearm during a crime of violence (second or subsequent offense) in violation of 18 U.S.C. § 924(c), and one count of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Doc. 149 at 1-2 (Judgment).[1] He was sentenced to a term of life plus 684 months of incarceration. *See id.* at 3. His conviction and sentence were affirmed on direct appeal. *See*

---

[1] The Court cites to the criminal docket in CR612-005 unless otherwise noted.

1

generally *United States v. Murray*, 540 F. App'x 918 (11th Cir. 2013); *see also* doc. 192 (Appeal Opinion). His first § 2255 motion was denied, *see* doc. 235, and the Court of Appeals denied his request for a certificate of appealability, *see generally* doc. 271. The Court of Appeals authorized him to file a second or successive motion, doc. 332, and he filed the instant Motion, doc. 336. The Government moved to dismiss his Motion, doc. 381, and he responded in opposition, doc. 383. As explained below, the Government's Motion should be **GRANTED**. Doc. 381. Civil Action CV620-052 should, therefore, be **DISMISSED** in its entirety.

## ANALYSIS

Murray's Motion asserts a single ground for relief. *See* doc 336 at 4-5. He asserts that that, after the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), his convictions for counts under 18 U.S.C. § 924(c) are no longer valid. *See id.* at 4-5. As the Supreme Court explained in *Davis,* § 924:

> authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statue proceeds to define the term "crime of violence" in two subparts—the first

known as the elements clause, and the second the residual clause.

*Davis*, 139 S. Ct. at 2324. The residual clause includes, as crimes of violence, any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see also Davis*, 139 S. Ct. at 2324. The Supreme Court found the residual clause unconstitutionally vague. *Davis*, 139 S. Ct. at 2336; *see also, e.g. In re Hammoud*, 931 F.3d 1032, 1037 (11th Cir. 2019).

The Government argues, first, that Murray procedurally defaulted his claims because he did not raise them on direct appeal. *See* doc. 381 at 4-8. Murray responds to that assertion by pointing out that the Eleventh Circuit recognized in 2019 that *Davis* announced a "new rule," within the meaning of 28 U.S.C. § 2255(h)(2). *See* doc. 383 at 3; *In re Hammoud*, 931 F.3d at 1039. However, the Government's procedural bar argument does not dispute that *Davis* announced a new rule within the meaning of that subsection, which is limited to the circumstances when a second or successive § 2255 motion should be authorized. *See* 28 U.S.C. § 2255(h). Meeting the requirements to file a second or successive § 2255 motion, however, does not automatically excuse procedural default. *See*

3

*Herron v. United States*, 2020 WL 7074640, at *5 (S.D. Fla. Dec. 3, 2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 340 (2010) ("[W]e underscore . . . that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." (footnote omitted))).[2]

Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error

---

[2] To be sure, Murray's argument that a finding that a claim is predicated on a "new rule of constitutional law. . . that was previously unavailable," precludes a finding that such a claim was "available" on direct appeal, has intuitive appeal. *See* doc. 383 at 4. Some district courts have even accepted that argument. *See, e.g., Munoz v. United States*, 2020 WL 9219149, at *3 (S.D. Fla. Dec. 29, 2020) (reasoning that *In re Hammoud*'s conclusion that *Davis* claims "met the requirements of 28 U.S.C. § 2255(h)(2) . . . necessarily means that the applicant's *Davis* claim was in fact previously unavailable."). However facially plausible that argument may be, though, the Eleventh Circuit has applied the procedural default bar in a case that, as discussed below, is procedurally identical to Murray's. Moreover, the limited district-court authority determining that a court of appeals' authorization pursuant to § 2255(h) precludes any substantive defense does not clearly account for binding authority that "[w]hen [a court of appeals] issue[s] an order authorizing a habeas petitioner to file a second or successive § 2255 motion, the district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, de novo." *Randolph v. United States*, 904 F.3d 962, 965 (11th Cir. 2018) (quoting *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016) (internal quotation marks omitted)). As discussed below, the Eleventh Circuit's analysis of the availability of a *Davis* claim, for purposes of procedural default, controls the Court's evaluation of Murray's claim here.

is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be overcome if the movant can "show cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). "[T]o show cause for procedural default, [petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . ." *Lynn*, 365 F.3d at 1235. The movant bears the burden of proof of establishing his excuse for a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)). Murray does not dispute that he did not raise the invalidity of § 924(c)'s residual clause on direct appeal, *see generally* doc. 383, so the Court turns to whether he has established any excuse for his procedural default.

In *Granda v. United States*, the Eleventh Circuit found that the § 2255 movant's *Davis* claims were procedurally defaulted. *See generally* 990 F. 3d 1272. Granda's convictions were affirmed on direct appeal in 2009. *See id.* at 1282 (citing *United States v. Granda*, 346 F. App'x 524, 529 (11th Cir. 2009)). He was authorized to file a second or successive § 2255 motion to assert the invalidity of a count of conviction under § 924(c).[3] *Id.* The court found that Granda's failure to raise the invalidity of § 924(c)(3)(B) in his 2009 appeal procedurally defaulted that claim. *Id.* at 1285-86. It then proceeded to consider whether he could show cause and prejudice to excuse the default or actual innocence. *Id.* at 1286-1292

In analyzing whether Granda could show cause sufficient to excuse his procedural default, the Eleventh Circuit expressly noted that "[b]oth *Johnson* and *Davis* announced new constitutional rules, and each has been held to have retroactive application." *Granda*, 990 F.3d at 1286. Despite that recognition, the court concluded that "the case law extant at the time of Granda's appeal confirms that he did not then lack the building blocks of a due process vagueness challenge to the § 934(c)

---

[3] *Granda* noted that the second or successive petition was authorized to assert the conviction's invalidity under *Johnson v. United States*, 576 U.S. 591 (2015), but was properly resolved as a *Davis* claim. *See Granda*, 990 F.3d at 1283-84.

residual clause." *Id.* at 1287 (citations omitted). The Court concluded, therefore, that Granda "cannot show cause to excuse his procedural default." *Id.* at 1288. If the invalidity of § 924(c) was not sufficiently novel to excuse Granda's procedural default in 2009, it could not have been sufficiently novel to excuse Murray's procedural default in 2012.

Murray's response to the Government's invocation of *Granda* makes two arguments, neither of which avails him. First, he argues that *Granda* was wrong, either because it conflicts with Supreme Court or Eleventh Circuit, *en banc*, precedent. *See* doc. 383 at 6. However, the purportedly conflicting Supreme Court precedent, *Reed v. Ross*, is specifically cited in *Granda*. *See* 990 F.3d at 1286 (citing 468 U.S. 1 (1984)). It does not, therefore, obviously conflict with *Granda*. *Cf. Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007) ("Where intervening Supreme Court authority *is clearly irreconcilable* with . . . prior circuit authority . . . district courts should consider themselves bound by the intervening higher authority and reject the prior opinion . . . as having been effectively overruled." (internal quotation marks, alterations, and citation omitted)). The purportedly conflicting *en banc* precedent is vague, at best. *See* doc. 383 at 6 (citing *Hargrove v. Dugger*, 832 F.2d

7

1528, 1530-31 (11th Cir. 1987) (en banc)). The Eleventh Circuit has cited *Granda*'s procedural default analysis as recently as this year, without suggesting that it had any misgivings about its validity. *See United States v. Camacho*, 2023 WL 3404900, at *3 (11th Cir. May 12, 2023) ("In *Granda*, we reasoned that Granda did not lack the building blocks of a due process vagueness challenge to § 924(c)(3)(B)'s residual clause at the time of his appeal in 2009, thus the challenge was not novel."); *Herron v. United States*, 2022 WL 987423, at *3 (11th Cir. April 1, 2022) ("For the same reasons articulated in *Granda*, [petitioner's] claim is unnovel, and he cannot show cause to overcome the procedural default to which is claim is subject."). His second argument, that binding authority at the time of his direct appeal precluded the argument that § 924(c)'s residual clause was unconstitutionally void, was also addressed in <u>Granda</u>. *See* 990 F.3d at 1287. Neither argument, therefore, can overcome the binding effect on this Court of *Granda*'s specific determination that the argument that § 924(c) was unconstitutionally vague was not sufficiently novel, in 2009, to show cause to excuse procedural default. *Cf. McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction . . . ."). "Given that

8

[Murray] cannot demonstrate cause, it is immaterial whether he can show prejudice. His claim is procedurally defaulted, and he cannot overcome the default." *Herron*, 2022 WL 987423, at *3.

A movant's procedural default may also be excused if he can show a "miscarriage of justice[ ] or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). It is well-established that the "actual innocence" exception to the procedural default rule is "exceedingly narrow in scope as it concerns . . . 'actual' innocence rather than . . . 'legal' innocence. *Lynn*, 365 F.3d at 1235 n. 18 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)). As the Supreme Court succinctly puts it: " '[A]ctual innocence' means factual innocence . . . ." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As the Government points out, Murray does not even assert that he is factually innocent. Doc. 381 at 7.

## CONCLUSION

Because Murray's *Davis* claim is procedurally defaulted, and he cannot show cause, given the Eleventh Circuit's analysis in *Granda*, the Government's Motion to Dismiss should be **GRANTED**, doc. 381, and

Murray's § 2255 Motion should be **DISMISSED**, doc. 336.  Civil action CV620-052 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 18th day of August, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA